## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **RALPH HARRISON BENNING,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:23-CV-00371-CAR-MSH** |
| | : | |
| **GEORGIA DEPARTMENT OF** | : | |
| **CORRECTIONS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff Ralph Harrison Benning, a prisoner in the Wilcox State Prison in Abbeville, Georgia has filed a complaint in which he raises claims that the Defendants are prohibiting him from the free practice of his religion. ECF No. 1. Plaintiff has requested leave to proceed *in forma pauperis*. ECF No. 2. For the following reasons, Plaintiff will be permitted to proceed *in forma pauperis* in this case and his religious freedom claims against Defendants shall proceed for further factual development.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The **CLERK OF COURT** is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is housed. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the

2

Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

       II.     <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

       I.     <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary

screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Plaintiff's Allegations

Plaintiff's claims arise from his incarceration at the Wilcox State Prison and within the Georgia Department of Corrections ("GDC") generally. ECF No. 1. Plaintiff states that in 2013, the Georgia Department of Corrections established a policy that allowed for undisturbed Jewish Sabbath services with ritual items on Friday evenings for three hours and for six hours on Saturdays. ECF No. 1 at 4; ECF No. 1-3. Plaintiff contends that "Jewish Sabbath worship services were accommodated as detailed above … without interruption until February 2019 due to restrictions related to the COVID-19 pandemic." ECF No. 1-3. Plaintiff states that after the COVID-19 restrictions were lifted in 2023, he "requested the resumption of the accommodations for Jewish Sabbath worship services." *Id*. Plaintiff complains that "Defendant Sisson informed Plaintiff that Defendant Mims had ruled that no accommodations for Jewish Sabbath services will be allowed." *Id*. He further complains that "Defendant Mims has completely banned all accommodations for Jewish Sabbath worship services." *Id*. Plaintiff claims "Defendant Mims' ban of Jewish Sabbath services places a significant burden upon the exercise of Plaintiff's sincerely held Jewish

religious beliefs and practice." ECF No. 1-3. Plaintiff seeks injunctive relief requiring the Defendants provide him with the Jewish Sabbath services that "were established by the Georgia Department of Corrections in January, 2013." ECF No. 1 at 5.

III.    Plaintiff's Claims

Plaintiff cites no constitutional or statutory provision as the basis for his religious discrimination claim against the Defendants. Nevertheless, he presents sufficient facts to suggest a First Amendment claim under 42 U.S.C § 1983. The First Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof". U.S. Const. amend. I. "[P]rison inmates retain protections afforded by the First Amendment's Free Exercise Clause," and thus incarceration officials may limit an inmate's exercise of sincerely held religious beliefs only if such "limitations are 'reasonably related to legitimate penological interests.'" *Johnson v. Brown*, 581 F. App'x 777, 780 (11th Cir. 2014) (per curiam) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)).

Plaintiff's allegations could also give rise to a separate claim under The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*. RLUIPA affords greater protection to religious freedom than the First Amendment. *See Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007) *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1659 (2011) *and overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353, 1363-64 (11th Cir. 2021) (en banc). RLUIPA requires the government to justify any substantial burden on a prisoner's religious exercise by

demonstrating a compelling governmental interest.  *Id.*   To the extent a plaintiff sues defendants in their individual capacities, however, RLUIPA does not provide for an award of monetary damages against individual prison or jail officials.  *Id.* at 1275 (holding that "section 3 of RLUIPA . . . cannot be construed as creating a private action against individual defendants for monetary damages").   "To establish a *prima facie* case under section 3 of RLUIPA, a plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened."  *Smith v. Governor for Ala.,* 562 F. App'x 806, 813 (11th Cir. 2014) (per curiam) (internal quotation marks omitted).  Once a Plaintiff makes such a showing, "the burden then shifts to the defendant to prove the challenged regulation is the least restrictive means of furthering a compelling governmental interest."  *Smith v. Owens*, 848 F.3d 975, 979 (11th Cir. 2017).

Here, Plaintiff's allegations are sufficient to warrant further factual development under both § 1983 and RLUIPA.  While there may be "legitimate penological interests" that would justify the decision to ban three hour Sabbath services on Fridays and six hours of Sabbath services on Saturdays, at this stage of the litigation such interests are not apparent from the face of the complaint.  *Johnson*, 581 F. App'x at 780-81 (reversing district court's dismissal of RLUIPA and First Amendment free exercise claims where prisoner's *pro se* complaint alleged that prison officials infringed his practice in numerous ways); *Saleem v. Evans*, 866 F.2d 1313, 1316 (11th Cir. 1989) (per curiam) (noting in appendix to case that generally the court should "permit dismissal of a First Amendment claim only if it involves a religious claim so facially idiosyncratic that neither a hearing nor state justification of its regulation is required").  Accordingly, Plaintiff's 42 U.S.C

§1983 First Amendment religious freedom claims and RLUIPA claims shall proceed against the Defendants for further factual development.

IV.    Conclusion

Based on the foregoing, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff's First Amendment free exercise of religion claims under § 1983 and his RLUIPA claims shall proceed for further factual development.

**ORDER FOR SERVICE**

Having found that Plaintiff has made colorable statutory and constitutional violation claims against the Defendants, it is accordingly **ORDERED** that service be made on all Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions

as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be

taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such

requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED** this 21st day of December, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE